J-A20045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| D.A.R., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| Y.J.B. f/k/a Y.J.R., | |
| Appellant | No. 246 EDA 2014 |

Appeal from the Order entered on December 23, 2013,
in the Court of Common Pleas of Lehigh County,
Domestic Relations, at No: 2008-FC-0042

BEFORE: FORD ELLIOTT, P.J.E., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED SEPTEMBER 30, 2014**

Y.J.B. f/k/a Y.J.R. ("Mother") appeals from the Order (hereinafter "Custody Order") that granted in part and denied in part her "Petition for Modification of Custody Order and for Permission to Relocate with the Minor Children to Switzerland" (hereinafter "Petition for Relocation") regarding her two children, J.R. (d.o.b. 2/21/02) and K.R. (d.o.b. 2/22/05) (collectively referred to as "the Children"), and that granted in part and denied in part the "Counter Petition for Primary Custody" filed by the Children's biological father, D.A.R. ("Father"). We vacate the Custody Order and remand for further proceedings.

The trial court set forth the relevant factual background and procedural history underlying this appeal as follows:

> [On October 11, 2013, Mother] filed a [P]etition [for Relocation, seeking to relocate] with … [the C]hildren, along with

[Mother's] current husband[, S.B. (hereinafter "Stepfather"),] and their [three-year-old son, K.B.], to Switzerland during the first week of January 2014. [Father] opposes the move. …

… The parties separated in 2004 and divorced in December 2007. Mother married [Stepfather] in October 2009, and they have one child, [K.B.]

Father filed for shared legal and physical custody of the [C]hildren in January 2008. An agreed Order, dated March 18, 2008, provided for the parties to share legal custody and for Mother to have primary physical custody. Father's partial physical custody then consisted of alternating weekends, a Wednesday overnight prior to his custodial weekends, and two overnights during weeks preceding Mother's custodial weekends. The parties subsequently agreed to an Order … filed on September 9, 2011, under which they presently continue to share legal custody and allocate physical custody of the [C]hildren [whereby, d]uring the [C]hildren's school year, Mother has primary physical custody, and … [d]uring the [C]hildren's summer vacation, Father has primary physical custody …. [S]ince their separation, the parties have shared legal custody and have had a custody schedule that has provided for Father to have physical custody of the [C]hildren for at least five or six overnights every two weeks.

At the time the [September] 2011 [O]rder was entered, Mother had been employed for ten years by Air Products and Chemicals, Inc. ("Air Products"), … as an analyst earning slightly more than $100,000 per year. [Stepfather] had been employed by Air Products for about eight years, earning in excess of $100,000 per year as a treasury analyst or manager. In February 2011, he left Air Products to join a plastics company, Styron, LLC ["Styron"] ….

As of 2011, Father continued to reside in the home in which the [C]hildren had resided while his marriage to Mother was intact. He had not re-married and worked as a teacher in a school in Perkasie, Pennsylvania, located about forty minutes from his home. Mother and [Stepfather] resided approximately three miles from Father in the same township and school district. …

On April 25, 2012, Mother filed a [N]otice of proposed relocation to the Berwyn area in Southeastern Pennsylvania, in order to be closer to [Stepfather's] place of employment. … After a trial …, the [trial c]ourt denied Mother's request on June 1, 2012. The Superior Court affirmed by a [M]emorandum [O]pinion filed on February 15, 2013. *D.A.R. v. Y.J.B. F/K/A Y.J.R.*, No. 765 EDA 2012.

* * *

On October 11, 2013, Mother filed her current [N]otice of proposed relocation, this time to Horgen, Switzerland[,] for a period of two and one-half years. [Stepfather] had been informed that[,] commencing in 2014, his position with Styron would be relocated to Switzerland. He could keep his job if he relocated to Switzerland, but there were no other positions for him in the company. [Stepfather averred that if he were to accept the temporary position in Switzerland, his salary would significantly increase.]

* * *

The [C]hildren have been accepted at the Zurich International School [in Switzerland] when it resumes classes after the holiday break in January 2014. Mother proposes that if her relocation request is granted, Father should have thirteen weeks of custody with the [C]hildren per year, coinciding with the Zurich International School's fall, holiday, winter, spring and summer breaks. She states she will pay all transportation costs. Mother calculated her proposal would result in a reduction of eight weeks per year in Father's physical custody. On the other hand, if the [C]hildren remain with Father during the school year, Mother assumes she would have custody of the [C]hildren only during their holiday and summer vacations. …

Trial Court Opinion, 1/6/14, at 1-4, 6 (citations and footnotes omitted).

Following a custody trial, on December 23, 2013, the trial court entered its Custody Order, which, *inter alia*, (1) awarded shared legal custody of the Children to Mother and Father; (2) awarded primary physical custody to Father until August 1, 2014, and partial physical custody to

Mother, in accordance with a schedule; (3) directed that, after August 1, 2014, Mother was awarded primary physical custody until August 1, 2015 (and, during this time, she was permitted to relocate the Children to Switzerland); and (4) provided that, during Mother's period of primary physical custody, Father shall have partial physical custody, with Mother paying all transportation costs to effectuate Father's partial physical custody. In response, Mother filed a Notice of Appeal, along with a Concise Statement of Errors Complained of on Appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b), after which the trial court issued an Opinion.

On appeal, Mother presents the following issues for our review:

I. Whether the Trial Court erred as a matter of law and abused its discretion when it denied in part Mother's Petition for Relocation where she met her burden of proving that the move is in the best interests of the [C]hildren, where she met her burden of establishing the integrity of her motive in seeking relocation, and when consideration is given to the factors enumerated in 23 Pa.C.S.A. § 5337(h) as well as those factors referenced in 23 Pa.C.S.A. § 5328(a)?

II. Whether the Trial Court erred as a matter of law and abused its discretion when it denied in part Mother's Petition for Relocation where it failed to consider and address each and every factor enumerated in 23 Pa.C.S.A. § 5328(a) either on the record or in its Memorandum Opinion when required by the law?

III. Whether the Trial Court erred as a matter of law and abused its discretion when it denied in part Mother's Petition for Relocation where it failed to adequately consider and analyze each and every factor enumerated in 23 Pa.C.S.A. § 5337(h)[,] with appropriate discussion for each factor of the credible evidence introduced by the parties and articulation of the Trial Court's reasons for deciding that said factor favors one party or the other party (or neither) either on the record or in its Memorandum Opinion when required by the law?

IV. Whether the Trial Court erred as a matter of law and abused its discretion when it did not give sufficient weight to the [C]hildren's relationships with their younger brother, [K.B.,] in consideration of the factors set forth in 23 Pa.C.S.A. § 5328(a)(6) and 23 Pa.C.S.A. § 5337(h)(1), and … Pennsylvania's long-standing preference not to separate siblings, where the [Custody] Order entered by the Trial Court substantially limits the amount of time the [C]hildren will spend with their younger brother and which would have a devastating effect on the close relationships [the C]hildren have with one another?

V. Whether the Trial Court erred as a matter of law and abused its discretion when it did not give sufficient weight to Stepfather's mandatory employment transfer, as well as Mother's testimony regarding her inability to financially support the family on her income alone, and thereby establishing an unreasonable standard, not supported by case law or statute, for relocation matters as a result of employment opportunities?

VI. Whether the Trial Court erred as a matter of law and abused its discretion in finding that Stepfather had failed to adequately search for other jobs in Pennsylvania as opposed to relocating to Switzerland, which is not supported by the law and for which no such requirement is imposed in relocation cases in Pennsylvania?

VII. Whether the Trial Court erred as a matter of law and abused its discretion in determining that it is reasonable for Mother to travel monthly to the United States when the [C]hildren are in Father's custody where there was credible and substantial testimony and evidence deduced [*sic*] at trial that Mother did not have adequate child care available to her for [K.B.] in Switzerland and that she could not take [K.B.] with her to the United States, and where the Trial Court determined that Mother's parents could travel monthly to Switzerland to care for [K.B.] when Mother travels to the United States[,] despite there being no testimony at trial regarding the Maternal Grandparent[s'] ability to do so?

VIII. Whether the Trial Court erred as a matter of law and abused its discretion by ordering that for the period [between] August 1, 2014[,] until August 1, 2015[,] Mother shall only have

primary custody of the [C]hildren "contingent" upon the [C]hildren being enrolled in the Zurich International School?

IX. Whether the Trial Court erred as a matter of law and abused its discretion by ordering that for the period after August 1, 2015, if the parties cannot agree, that either party may petition the Trial Court only on or after August 3, 2015, but then further ordering that Mother must turn the [C]hildren over to Father by August 15, 2015, forcing an implausible position on Mother in requiring her to return the [C]hildren to Lehigh County, Pennsylvania[,] without the Trial Court having considered where the [C]hildren will live for the next year, causing further disruption to the continuity of the lives of the [C]hildren and without addressing what is in the best interests for the [C]hildren for the following academic year?

X. Whether the Trial Court erred as a matter of law and abused its discretion when it did not give sufficient weight to the [C]hildren's preferences, as set forth in 23 Pa.C.S.A. § 5328(a)(7) and 23 Pa.C.S.A. § 5337(h)(4), given the [C]hildren's ages and maturity levels[,] where the [C]hildren expressed a clear preference to move immediately to Switzerland with Mother if permitted to relocate?

XI. Whether the Trial Court erred as a matter of law and abused its discretion when it did not give sufficient weight to the extensive educational, financial, and cultural benefits available to the [C]hildren in Switzerland?

Mother's Brief at 8-11.

We will begin our review by simultaneously addressing Mother's first and second issues, which raise the question of whether the trial court committed an error of law by failing to consider the sixteen statutory custody factors set forth in section 5328(a) of the new Child Custody Act ("the Act")[1] (these factors are collectively hereinafter referred to as the "best

---

[1] *See* 23 Pa.C.S.A. §§ 5321 to 5340; *see also C.R.F. v. S.E.F.*, 45 A.3d 441, 445 (Pa. Super. 2012) (stating that, where, as here, the custody

interest factors"), and in considering only the ten relocation factors set forth in section 5337(h) of the Act (collectively referred to as the "relocation factors"). *See* Mother's Brief at 24-30.

In custody cases, our standard of review is as follows:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F.*, 45 A.3d at 443 (citation omitted).

Initially, we observe that in any custody case decided under the Act, the paramount concern is the best interests of the child. *See* 23 Pa.C.S.A. §§ 5328, 5338. Section 5338 of the Act provides that, upon petition, a trial court may modify a custody order if it serves the best interests of the child. 23 Pa.C.S.A. § 5338. In making any custody determination, the trial court must consider the sixteen best interest factors set forth in section 5328(a). *See* 23 Pa.C.S.A. § 5328(a);[2] *see also E.D. v. M.P.*, 33 A.3d 73, 80 (Pa.

---

evidentiary proceeding commences on or after the effective date of the Act, *i.e.*, January 24, 2011, the provisions of the Act apply).

[2] In the interest of brevity, we will not set forth the sixteen best interest factors herein, and instead refer the reader to the subsection listing the

Super. 2011). Where, as here, a request for relocation of the subject child is involved, the trial court must also consider the ten relocation factors contained in 23 Pa.C.S.A. § 5337(h). *See E.D.*, 33 A.3d at 81; *see also C.M.K. v. K.E.M.*, 45 A.3d 417, 421 (Pa. Super. 2012) (stating that "[w]hen a custody dispute involves a request by a party to relocate, … there is no black letter formula that easily resolves relocation disputes; rather, custody disputes are delicate issues that must be handled on a case-by-case basis." (citation and internal quotation marks omitted)).

In the instant case, while the trial court considered and discussed the section 5337(h) relocation factors in its Pa.R.A.P. 1925(a) Opinion, it did not consider the sixteen best interest factors on the record or in its Opinion, nor did it cite to section 5328(a) in its Opinion.

Regarding a trial court's obligation to consider the section 5328(a) best interest factors in cases involving proposed relocation, this Court has stated as follows:

> *All* of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order. Section 5337(h) requires courts to consider all relocation factors. The record must be clear on appeal that the trial court considered all the factors.
>
> Section 5323(d) [of the Act] provides that a trial court "shall delineate the reasons for its decision on the record or in open court or in a written opinion or order." 23 Pa.C.S.A.

factors. We also observe that, effective January 1, 2014, section 5328(a) was amended to include an additional factor at 23 Pa.C.S.A. § 5328(a)(2.1) (providing for consideration of child abuse and involvement with child protective services).

> 5323(d). … Section 5323(d) applies to cases involving custody and relocation.

*A.V. v. S.T.*, 87 A.3d 818, 822-23 (Pa. Super. 2014) (emphasis in original; citations to case law and quotation marks omitted).

After review, we conclude that the trial court committed an error of law when it failed to consider the section 5328(a) best interest factors, either on the record or in a written opinion or order. *See id.* at 823-24 (in a relocation case where the trial court had considered the relocation factors, but not the best interest factors, holding that the trial court erred, and, upon remand, the court must consider the best interest factors and explain the reasons for its decision); *see also A.M.S. v. M.R.C.*, 70 A.3d 830, 836 (Pa. Super. 2013) (stating that the trial court must consider all ten relocation factors and all sixteen custody factors when making a decision on relocation that also involves a custody decision).

Accordingly, the trial court's failure to provide an opinion or statement on the record applying the section 5328(a) and 5337(h) factors to the facts, as found by the trial court, requires us to vacate the Custody Order and remand the matter for further proceedings. *See A.V.*, 87 A.3d at 825. On remand, the trial court is directed to consider all of the best interest and relocation factors, and set forth its analysis, with the weight given to each factor, in a written opinion. Additionally, if the trial court deems it necessary on remand, it should conduct an additional evidentiary hearing in order to address all of the best interest and relocation factors.

Because a remand is required, we need not address Mother's remaining issues at this time.

Order vacated. Case remanded for further proceedings, and the filing of a supplemental Pa.R.A.P. 1925(a) Opinion, consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2014